PEDRO PÉREZ PIMENTEL, Plaintiff and Appellee, *v.* DOLORES CASTRO, Defendant and Appellant.

No. 7360. Argued November 26, 1937.—Decided January 28, 1938.

*González Fagundo & González Jr.* for appellant. *R. García Cintrón* and *Miguel A. Burset* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Francisco Peña and María Mendoza, in March, 1934, occupied a house in Humacao. Peña died and Doña María went to Cayey. Before leaving, she delivered the key to Alipio Rivera with instructions to deliver it to any one of the heirs of Juana Díaz Cruz of Vieques. In April, Aureo Díaz came to Humacao and demanded the key of Rivera. Rivera consulted Pérez Pimentel, now plaintiff herein, who told him to deliver the key to Díaz. Rivera did. Díaz turned it over to Rivera to be kept by him subject to such instructions as he might receive from Pérez Pimentel. In August, Augusto Márquez rented the house and Rivera, in accordance with instructions received from Pérez Pimentel, delivered the key to Márquez. Márquez paid the rent to Pérez Pimentel as agent of the Díaz heirs. In June 1935, the Díaz heirs conveyed their right, title and interest to Pérez Pimentel. From the deed of conveyance it appeared that Juana Díaz Cruz was the widow of Francisco Peña and that the house had belonged to the conjugal partnership. Pérez Pimentel, after his purchase from the Díaz heirs, collected the rent as owner. In October 1935, Márquez vacated the premises. At the same time Dolores Castro took possession and resisted the attempt of Pérez Pimentel to enter. Pérez Pimentel then brought the present action.

Defendants appeals from and adverse judgment. Her contention is that the district court erred in sustaining a motion to strike certain parts of the anwser and in rendering a judgment which is not supported by the evidence and is contrary to the provisions of Sections 369, 374, 379, 389, 328 and 333 of the Civil Code (edition of 1930).

 The stricken averments set up by way of defense that defendant's legitimate children, Luis Gilberto and Virginia Peña Castro and Julia Gloria Peña, an acknowledged natural child, had been decreed to be the heirs of Francisco Peña and as such were the owners of an undivided one-half interest in the property. The question of title is not involved and cannot be considered in a proceeding of this kind. The district court therefore did not err in striking from the answer the averments as to title in defendant's children. *Cividanes* v. *Obén and Vázquez,* 34 P.R.R. 767; *Pérez* v. *Marrero,* 47 P.R.R. 431; *Heirs of Maldonado* v. *Maldonado,* 43 P.R.R. 649.

The Sections of the Civil Code relied on by appellant are, in the order cited by her, as follows:

"Section 369. The possession of hereditary property is understood as transferred to the heirs without interruption and from the moment of the death of the testator, in case the inheritance be accepted.

"Section 374. Possession, as a fact, cannot be recognized in two different personalities, unless in cases of indivisibility. If a question arises regarding the fact of possession, preference shall be given to the present possessor; if there be two possessors, to the one longest in possession; if the dates of the possessions coincide, to the one presenting a title; and when all these conditions are equal, the thing shall be placed in deposit or judicial keeping, whilst the possession or ownership be determined through proper proceedings.

"Section 379. Each one of the participants of a thing possessed in common, is deemed to have possessed the part allotted to him upon the division thereof during the whole time that the property remained intact. Interruption in the possession of the whole or part of a thing possessed in common shall be to the equal prejudice of all the possessors.

"Section 389. A possessor may lose possession:

"1. By abandonment of the thing.

"2. By an assignment made to another person, either for a valuable consideration or by a deed of gift.

"3. By the destruction or total loss of the thing, or because the same becomes unmarketable.

"4. By the possession of another person, even against the will of the former possessor, if the new possession has lasted longer than a year.

"Section 328. Each participant may use the things held in common, provided he uses them in accordance with the purpose for which they are intended and in such a way as not to injure the interests of the common ownership, nor prevent the co-participants from utilizing them according to their rights.

"Section 333. (Section 406, Civil Code of 1902, as amended by act No. 15, 1916, page 48.) Each one of the part-owners shall have the absolute ownership of his part and that of the fruits and profits belonging thereto, and he may, therefore, sell, assign or mortgage the same, and even substitute another person in the enjoyment thereof, or lease such part, unless personal rights are involved. But the effect of the alienation or mortgage in relation to the part-owners shall be limited to the share which may be allotted to them in the division upon the termination of the common ownership, and the effect of the lease shall be to confer on the lessee during the term of the contract, the powers of the part-owner in regard to the administration and better enjoyment of the common property."

Whatever the ordinary meaning, scope and effect of these provisions may be, the pivotal point in a case of this kind is always merely a question of actual physical possession in the sense of personal occupancy,—never a question of civil, constructive or legal possession or right of possession. *Cividanes* v. *Obén and Vázquez,* supra; *Pérez* v. *Marrero,* supra; *Heirs of Maldonado* v. *Maldonado,* supra; *Pérez* v. *Pérez,* 38 P.R.R. 676; Manresa, "Comentarios a la Ley de Enjuiciamiento Civil", Vol. 6, p. 147, 148; Manresa, "Comentarios al Código Civil", (1929 ed.) Vol. 4, p. 142, 145, 223; 6 Manresa 278, 281.

The evidence, viewed from this standpoint, was sufficient to sustain the judgment. But for the fact that the question

of costs hinges on the result of the present appeal, the other questions already discussed would be academic. See *Pérez* v. *Castro*, 52 P.R.R. 555.

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.